**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK WINFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| VILLAGE OF MAYWOOD, TOWN OF | ) | |
| CICERO, MAYWOOD POLICE OFFICER | ) | |
| JACOB NUNEZ, CICERO POLICE | ) | |
| OFFICER ANDRES BONILLA, CICERO | ) | |
| POLICE OFFICER NICHOLAS | ) | |
| MARTINEZ, and UNKNOWN CICERO | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants VILLAGE OF MAYWOOD and OFFICER JACOB NUNEZ ("Defendants"), by and through their attorneys, Klein, Thorpe & Jenkins, Ltd., presents this Notice of Removal requesting the removal of this case originally filed in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof, states as follows:

1. On April 19, 2024, Plaintiff filed this cause of action in the Circuit Court of Cook County against the Village of Maywood (the "Village"), as Case No. 2024 400 2591. A copy of the initial process served, known pleadings, and known orders, are attached hereto, pursuant to 28 U.S.C. § 1446(a), and referred to as **Group Exhibit A**.

2. On December 16, 2025, Plaintiff filed a First Amended Complaint against the Village and added Village Police Officer, Jacob Nunez, as a defendant. *See Grp. Ex. A.*

3. Counts V, VI, and VII of Plaintiff's Amended Complaint assert Section 1983 claims for

1

unlawful seizure, and indifferent polices, practices, and customs for the first time in the course of this litigation.

4. Count II of Plaintiff's Amended Complaint asserts a facial challenge to Maywood Village Code § 99.26 based on Article I, Section 2 of the Illinois Constitution.

5. Counts I, III, and IV are brought pursuant to Illinois Administrative Review Law.

6. Pursuant to 28 U.S.C. § 1343, district courts have "original jurisdiction of any civil action authorized by law to be commenced by any person…to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States…" 28 U.S.C. § 1343(a)(3).

7. Further, Section 1343 provides original jurisdiction over suits "to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights," which would include 42 U.S.C. § 1983. 28 U.S.C. § 1343(a)(4).

8. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a).

9. The Village of Maywood received notice of the state court action by service of summons in April 2024. However, the initial Complaint at Law was brought pursuant to Illinois Administrative Review Law (735 ILCS 5/*et. seq.*) and included no federal claims. The federal claims were not introduced until December 16, 2025.

10. As of the date of this filing, Defendant Police Officer Jacob Nunez has not been served and first received notice of this lawsuit when the undersigned counsel contacted him on January 20, 2026. Defendant Officer Nunez is willing to waive service, and this Notice of Removal is timely filed within the thirty-day period prescribed in 28 U.S.C. § 1446(b).

11. The Village is an "earlier-served defendant" and consents to removal. 28 U.S.C. § 1446(b)(2)(C).

12. The United State District Court for the Northern District of Illinois, Eastern Division has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Counts V, VI, and VII, are brought under 42 U.S.C. § 1983 and seek to redress alleged constitutional violations.

13. This Court has supplemental jurisdiction over the pendant state law claims alleged in Count II pursuant to 28 U.S.C. § 1367.

14. Counts I, III, and IV are brought pursuant to Illinois Administrative Review Law, and were part of the original Complaint. Under 735 ILCS 5/3-104, "[t]he court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." Defendants request Counts I, III, and IV be removed with Plaintiff's federal claims, and remanded back to the court that first acquired jurisdiction after the federal claims and state supplemental claim are addressed. *See Cannici v. Village of Melrose Park*, 2019 IL App (1st) 181422, at ¶ 20 (discussing the removal of Plaintiff's state action to federal court, then subsequent remand to state court for the remaining administrative review counts); *see also* 28 U.S.C. § 1441(c)(2) (discussing severance of claims rendered nonremovable by statute after removal to federal court).

15. Based on the foregoing, Defendants respectfully seek removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendants, VILLAGE OF MAYWOOD and OFFICER JACOB NUNEZ, respectfully requests the removal of this cause of action from the Circuit Court of Cook County, Illinois to the Northern District of Illinois, Eastern Division.

3

Respectfully submitted,

s/ *Kaylee Hartman*
Kaylee M. Hartman
Attorney for Village of Maywood & Officer Nunez

Kaylee M. Hartman (kmhartman@ktjlaw.com)
Klein, Thorpe & Jenkins, Ltd.
120 S. LaSalle Street, Suite 1710
Chicago, Illinois 60606
(312) 984-6400